UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyrell Davis,<br>Plaintiff,<br><br>v.<br><br>Brundage-Bone Concrete Pumping, Inc.,<br>Defendant. | CASE NO:   2:24-cv-00957-JD-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation, and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about January 19, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Tyrell Davis, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Brundage-Bone Concrete Pumping, Inc., upon information and belief, is a foreign corporation organized in the State of Colorado and operating in the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters, and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about, October 21, 2021, the Plaintiff, an African American, began working for the Defendant as a CDL Pump Operator. Plaintiff was one of two African American employees at Defendant company. At all times, the Plaintiff was efficient and effective in his job.

11. The Plaintiff was subjected to discrimination when Defendant refused to pay him the same nor give Plaintiff the same opportunities for jobs as it did similarly situated Caucasian employees.

12. Plaintiff reported the discrimination to Defendant's Human Resources representative, Jeannette, but nothing was ever done.

13. Plaintiff was told by several of his Caucasian coworkers that Plaintiff was given the least number of jobs and the lowest pay for said jobs. While Caucasian employees got to work every day, Plaintiff was lucky if he worked two days a week.

14. Plaintiff was later retaliated against after he reported the discrimination, when he was consistently given the broken-down trucks to operate. Caucasian employees could turn in maintenance requests, and they were immediately repaired or replaced, but when Plaintiff would submit a maintenance request, they were always denied. The Plaintiff was also the only employee instructed to operate an illegally tagged truck.

15. The Plaintiff also was the only employee to not be given a company gas card, and he was required to use his own money to fuel the work truck.

16. The Plaintiff further was told several times by Butch to operate the lift under power lines, which is in violation of OSHA safety protocols which forbids parking trucks and explicitly directs operators to not operate under power lines. The Plaintiff refused this order and was disciplined.

17. On or about March 23, 2022, Plaintiff asked his manager, Butch, to speak to HR and the Supervisor. The Plaintiff wanted to address the mechanical issues with his work truck and how his work items would come up missing after Caucasian employees would drive his work truck, but would never get replaced, such as his hard hat, flashlight, etc.

18. Plaintiff was denied a day off for his anniversary, but similarly situated Caucasian employees were allowed days off for similar reasons.

19. Plaintiff continued to report ongoing instances of racial discrimination, but nothing was done.

20. On or about May 23, 2022, Plaintiff was terminated. Plaintiff's termination was pretextual in nature, and not the true reason for terminating Plaintiff.

21. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination, disparate treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

22. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, disparate treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

### FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race and/or color in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*, and the Equal Employment Opportunity Act.

25. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff based on his race and/or color;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

   c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

26. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

27. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

28. The Plaintiff's race and/or color were determining factors in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race and/or color, he would not have been terminated.

29. As a direct and proximate result of the Defendant's discrimination on the basis of race and/or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

30. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

31. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**Retaliation**

32. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

33. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

34. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

35. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

36. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on him engaging in protected activity.

37. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been terminated.

38. The Defendant was wanton, reckless, and intentional in the retaliation against the Plaintiff for engaging in protected activity.

39. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

40. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

41. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

42. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

43. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION
### Hostile Work Environment

44. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

45. Once Plaintiff asserted his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

46. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

47. The Defendant was wanton, reckless, and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

48. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

49. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FOURTH CAUSE OF ACTION
### Wrongful Discharge in Violation of Public Policy

50. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

51. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendant's disregard the proper OSHA safety guidelines regarding operating lifts under powerlines.

52. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

53. That the aforesaid termination of Plaintiff's employment by the Defendant, its agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

54. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

**REQUEST FOR RELIEF**

55. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

56. Due to the acts of the Defendant, Plaintiff suffered great mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

57. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/ *Matthew O. King*
Matthew O. King (Fed. I.D. #13793
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
February 26, 2024